OPINION
On December 14, 1998, the Stark County Grand Jury indicted appellant, John Sloat, on one count of domestic violence in violation of R.C. 2919.25(A). Said charge arose from an incident on November 8, 1998 wherein appellant kicked and shoved his pregnant girlfriend, Brenda Morgan. A jury trial commenced on January 27, 1999. The jury found appellant guilty as charged. By judgment entry filed February 1, 1999, the trial court sentenced appellant to a determinate term of twelve months in prison. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ERRED IN REFUSING TO GIVE APPELLANT'S PROPOSED LIMITING INSTRUCTION ADVISING THE JURY THAT PRIOR INCONSISTENT STATEMENTS OFFERED FOR IMPEACHMENT ARE NOT SUBSTANTIVE EVIDENCE.
 II. APPELLANT WAS PREJUDICED BY TRIAL COUNSEL'S INEFFECTIVE ASSISTANCE WHEN COUNSEL REPEATEDLY FAILED TO OBJECT TO THE PROSECUTOR'S IMPEACHMENT OF HER OWN WITNESS BY MEANS OF A PRIOR INCONSISTENT STATEMENT.
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY ALLOWING THE PROSECUTOR TO IMPEACH HER OWN WITNESS WITH PRIOR INCONSISTENT STATEMENTS WHEN THE PROSECUTOR ADMITTED SHE WOULD NOT BE SURPRISED BY THE WITNESS' TESTIMONY AND KNEW HER TESTIMONY WOULD DIFFER FROM PREVIOUS STATEMENTS.
 IV. APPELLANT'S SENTENCE CONSTITUTES AN ABUSE OF DISCRETION WHEN THE TRIAL COURT GAVE APPELLANT THE MAXIMUM SENTENCE WITHOUT COMPLYING WITH THE STATUTORY CRITERIA AND MAKING THE NECESSARY REQUISITE FINDINGS.
 I
Appellant claims the trial court erred in not giving an instruction to the jury regarding prior inconsistent statements of Ms. Morgan. We disagree. Appellant argues because Ms. Morgan's prior statements made to Patrolman James Hilles and her mother's fiancé, Frank Wolf, Sr., were inconsistent with her trial testimony, an instruction that such statements could only be used to consider Ms. Morgan's credibility was warranted. Appellant argues Evid.R. 801(D)(1) required the requested instruction. Said rule states as follows:
(D) Statements which are not hearsay
A statement is not hearsay if:
 (1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (a) inconsistent with his testimony, and was given under oath subject to cross-examination by the party against whom the statement is offered and subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (b) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive, or (c) one of identification of a person soon after perceiving him, if the circumstances demonstrate the reliability of the prior identification.
The trial court permitted testimony from Patrolman Hilles and Mr. Wolf that on the night of the incident, Ms. Morgan told them appellant had kicked her in the head. Contrary to appellant's assertions regarding the testimony of Mr. Wolf, the trial court did give the following limiting instruction as to hearsay:
 THE COURT: Ladies and gentlemen, normally, ah, statements made by a person outside of the courtroom or presence of the other parties are hearsay.
 It is, there is an exception and it is permitted for the question to be asked as to whether an individual made such a statement. And it is permissible to inquire in that regards not for, ah, the truth of the statement being made, because that's a jury determination, as to the truth of statements, but merely as to whether or not such statements were made. And I'm permitting that context as, as an exception.
T. at 128-129.
Patrolman Hilles testified when he took Ms. Morgan's statement regarding the incident, Ms. Morgan was upset and crying. T. at 135-136. Ms. Morgan's statement clearly falls within an exception to the hearsay rule under Evid.R. 803(2) as an excited utterance. Given the trial court's instruction to the jury during the trial and the exception under Evid.R. 803(2), we find the trial court did not err in denying appellant's request for a limiting instruction. Assignment of Error I is denied.
 II
Appellant claims his trial counsel was ineffective because she failed to object to the prosecutor's impeachment of her own witness. We disagree. The standard this case must be measured against is set out in State v. Bradley (1989), 42 Ohio St.3d 136,142, certiorari denied 497 U.S. 1011. Appellant must establish two criteria:
 1) [C]ounsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition.
2) [P]rejudice arises from counsel's performance.
Appellant must further establish ". . . but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland v. Washington (1984), 466 U.S. 668,696. On direct, Ms. Morgan testified after she returned home, she and appellant got into an argument. T. at 93-94. Appellant told her to leave him alone and she agitated him to the point of being sick. T. at 93, 96. Appellant then shoved her off of the couch. Id. Ms. Morgan called Mr. Wolf to come pick her up and later told him appellant had shoved her off of the couch. T. at 100-101. Ms. Morgan admitted to telling Patrolman Hilles that appellant had kicked her, and she made a written report of the incident. T. at 102. Ms. Morgan testified she told Patrolman Hilles that appellant had kicked her because "I only said that that night because I was scared. I was upset that night. I know, I know what the truth is though. And that is that he shoved me off, pushed me off the couch to get sick." T. at 104. Appellant argues his trial counsel did not object to the trial court's ruling that the prosecution could question Ms. Morgan about differences between her trial testimony and her statements to Patrolman Hilles and the grand jury. T. at 114. Defense counsel did object to the prosecutor impeaching Ms. Morgan. T. at 105. A side bar was held wherein the trial court discussed the attempt to question Ms. Morgan on her prior inconsistent statements. T. at 106-113. The trial court eventually ruled the prosecutor could ask limited questions. T. at 111, 113. We fail to find defense counsel was in any way deficient during the side bar. Defense counsel participated in the discussion and objected to the use of the grand jury testimony. T. at 105, 110. Ms. Morgan freely admitted she told different stories to Mr. Wolf and Patrolman Hilles because she was scared that appellant had called the police on her. T. at 97. On cross-examination, Ms. Morgan testified she was mad at appellant that night. T. at 121. Although the prosecutor's method of examination may be borderline and ill advised, Ms. Morgan's direct testimony included the reason that she told Mr. Wolf and Patrolman Hilles appellant had kicked her was because she was scared and mad. The additional questioning on this issue led to the very same testimony. Upon review, we find defense counsel protected the record, and no evidence of ineffective assistance of counsel. Assignment of Error II is denied.
 III
Appellant claims the trial court erred in permitting the prosecutor to impeach Ms. Morgan when there was no showing of surprise. We disagree. Evid.R. 607(A) prohibits impeachment of one's own witness absent a showing of surprise and affirmative damage: (A) Who may impeach The credibility of a witness may be attacked by any party except that the credibility of a witness may be attacked by the party calling the witness by means of a prior inconsistent statement only upon a showing of surprise and affirmative damage. This exception does not apply to statements admitted pursuant to Evid.R. 801(D)(1)(a), 801(D)(2), or 803.
As noted by the rule, this does not apply to excited utterances [Evid.R. 803(2)] or prior inconsistent statements of a witness [Evid.R. 801(D)(1)(a)] or admissions by a party-opponent [Evid.R. 801(D)(2)]. Ms. Morgan's statements were made contemporaneous with the event, when she was visibly upset and crying therefore, they qualify as excited utterances. At the end of Ms. Morgan's direct testimony, the trial court permitted the prosecutor to question Ms. Morgan as to her statements to Mr. Wolf:
 Q. Okay. Also, previously you had stated that you had told Frank what happened that evening, correct?
A. Yes.
 Q. Isn't it also fair to say that you told Frank that he had, the defendant had hit you in the back of the head?
 A. Yes. T. at 116. Thereafter, Mr. Wolf testified as to what Ms. Morgan had told him on the evening of the incident. Mr. Wolf testified Ms. Morgan "said that he had kicked her in the head."
T. at 129.
We fail to find the questions to Ms. Morgan were tantamount to a violation of Evid.R. 607(A). We find the questioning to be harmless error because Ms. Morgan's statements became admissible when Mr. Wolf testified.
Assignment of Error III is denied.
 IV
Appellant claims the trial court erred in imposing the maximum sentence. We disagree. R.C. 2929.14(C) permits the imposition of a maximum sentence "only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." When the maximum sentence is given, the trial court must give its reasons for so imposing the sentence. R.C.2929.19(B)(2)(d). At the sentencing hearing, the trial court noted appellant had three previous domestic violence convictions as well as alcohol related offenses (appellant was drunk when the incident sub judice occurred). T. at 223. Appellant had been through domestic violence counseling and had not learned from the experience. T. at 224. As the trial court stated "[t]here is three separate times, counseling, and, ah, nothing is of any success." T. at 226. We find the trial court adequately explained its reasons pursuant to R.C. 2929.19(B)(2)(d), and classified appellant's actions as one of the worst forms of the offense when the trial court stated "[a]nd we do need to protect the public and, ah, because the greatest risk, to, ah, females that are unable to defend themselves, the, ah, period of incarceration here of 12 months would be imposed, with credit for time served." Id. Upon review, we find the trial court did not err in imposing the maximum sentence. Assignment of Error IV is denied.
The judgment of the Court of Common Pleas of Stark, County, Ohio is hereby affirmed.
By FARMER, J. GWIN, P.J. and WISE, J. concur.